**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ATLANTIC SPECIALTY INSURANCE COMPANY**                                          **PLAINTIFF**


**VS.**                                                    **CIVIL ACTION NO. 1:14CV23-SA-SAA
                                                                             LEAD CASE**

**WEBSTER COUNTY, MISSISSIPPI**                                          **DEFENDANT**

CONSOLIDATED WITH

**WEBSTER COUNTY, MISSISSIPPI**                                          **PLAINTIFF**


**VS.**                                                    **CIVIL ACTION NO. 1:14CV53-SA-DAS
                                                                        FILED IN ALL CASES**

**ATLANTIC SPECIALTY INSURANCE COMPANY**                                          **DEFENDANT**

---

**STATUS REPORT ON APPRAISAL**

---

      Atlantic Specialty Insurance Company ("Atlantic Specialty"), by its counsel, submits this Status Report on Appraisal pursuant to the Court's July 30, 2015 Order Requiring Status Report, ECF No. 56.

      1.      On July 30, 2015, following a scheduled telephonic status conference with counsel for the parties, the Court entered its Order Requiring Status Report ("Order"), ECF No. 56, which directs the appraisers and umpire to submit a joint status report to counsel for the parties so they can file it with the Court no later than August 13, 2015. The Order states that the joint status report "should explain what actions have been taken to date and state whether a final award will be provided by September 15, 2015. . . . [and if] a final award will not be reached by

September 15, 2015, the report should provide an explanation as to why this deadline will not be satisfied."

2.      As discussed by counsel during the July 30, 2015 telephonic status conference, the "final award," as referenced in the Court's Order, relates to the arbitration panel's award concerning Webster County, Mississippi's ("Webster County") Building claim under the applicable policy issued by Atlantic Specialty.

3.      On July 30, 2015, counsel for Atlantic Specialty sent an email to the appraisal panel with a copy to Webster County's counsel, attaching and explaining the Court's Order.  *See* collective Ex. A, at July 30, 2015 email.

4.      On August 9, 2015, the umpire, John Minor, provided counsel with a letter, which is "to serve as an update on the progress of the Webster County Courthouse appraisal."  The letter states what actions have been taken to date and that the panel has agreed to meet in person on September 1 and 2, 2015, "to attempt to come to an agreement pursuant to [their] appointments. . . . [and if] that process fails, [Mr. Minor] will contact counsel for the parties immediately following via letter."  *See* Ex. B.

5.      Following a conference call with Webster County's counsel on August 10, 2015, discussing the contents of Mr. Minor's letter, counsel for Atlantic Specialty sent a follow-up email to Mr. Minor and the appraisers with a copy to Webster County's counsel, asking that the letter be slightly revised to comply with the Court's Order.  Specifically, counsel asked that the letter be revised by (1) either having all three appraisal panel members sign the letter or stating that the contents of the letter have been reviewed and approved by the entire panel; and (2) stating directly whether the panel plans to issue a final award by September 15, 2015.  *See* collective Ex. A at August 10, 2015 email from Atlantic Specialty's counsel.

6.      Mr. Minor responded by email that same day, explaining that he had discussed the contents of his letter with the panel before sending it to counsel and that while he cannot answer the question of whether the panel will have a signed award by September 15, 2015, "in excess of 90% of the appraisals [he is] involved in resolve during these conferences scheduled or [September 1, 2015, noting that] there is still a very large spread between the appraisers and [he is] only 1 of 3." *See* collective Ex. A at August 10, 2015 email from Mr. Minor.

7.      Following a conference call with Atlantic Specialty's counsel regarding Mr. Minor's August 10, 2015 email response, Webster County's counsel sent an email to the panel later that same day, requesting that (1) the panel state whether "with reasonable certainty" they will have an award on the Building claim by September 15, 2015, and if they cannot, to state why not; and (2)  that the appraisers either send counsel emails indicating their agreement with Mr. Minor's letter or email counsel their own separate reports, if they cannot agree on a joint status report. *See* collective Ex. A at August 10, 2015 email from Webster County's counsel.

8.      Mr. Minor responded by email to counsel for the parties dated August 11, 2015, advising that he has sent emails to the appraisers asking that they either join his status report or send their own status report.  Mr. Minor further states in his email that as to whether they will be able to reach an appraisal award by September 15, 2015, he will not know the answer until when the panel meets and that he cannot predict what challenges they will face at their meeting. *See* Ex. C.

9.      On August 12, 2015, Mr. Minor sent counsel for the parties an updated status report to add at the end of the report quotations from recent emails to Mr. Minor from the two appraisers.  According to the updated status report, Jonathan Held says that he has every expectation that the panel will be done when they meet and Herman Johnson says that he

believes they should be able to get a final agreement between two members of the panel within a week following the meeting, if one is not reached at the meeting, which is scheduled for September 1 and 2, 2015. *See* Ex. D.

10. Counsel for Atlantic Specialty has conferred with counsel for Webster County regarding the substance of this Status Report, who has reviewed and approved same.

Respectfully submitted this 13th day of August, 2015.

**ATLANTIC SPECIALTY INSURANCE COMPANY**

**BY: CARROLL WARREN & PARKER PLLC**

**BY: /s/ R. Douglas Morgan_____**
**R. Douglas Morgan**


**OF COUNSEL**:

Myles A. Parker (MB #8746)
R. Douglas Morgan (MB #100025)
Clifton M. Decker (MB #102740)
CARROLL WARREN & PARKER PLLC
188 E. Capitol Street, Suite 1200
Post Office Box 1005
Jackson, MS 39215-1005
Tel:    601.592.1010
Fax:    601.592.6060
mparker@cwplaw.com
dmorgan@cwplaw.com
cdecker@cwplaw.com

**ATTORNEYS FOR ATLANTIC SPECIALTY**
**INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Atlantic Specialty Insurance Company does hereby certify that on this the 13th day of August, 2015, a true and correct copy of the foregoing instrument was served as indicated below upon the following counsel of record:

<u>Via ECF Filing System</u>
Tina L. Nicholson, Esq.
Baker Nicholson
2402 Dunlavy Street
Houston, TX 77006
nicholson@bakernicholson.com

<u>Via U.S. Mail</u>
W. Buchanan Meek, Jr., Esq.
Meek & Meek
65 N. Dunn Street
Eupora, MS 39744
meekatty@bellsouth.net

**ATTORNEYS FOR WEBSTER COUNTY, MISSISSIPPI**

**/s/ R. Douglas Morgan**
**R. Douglas Morgan**